

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,639-01

### EX PARTE BRADY WRIGHT BLACKMORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 59007-B*1 IN THE 78TH DISTRICT COURT FROM WICHITA COUNTY

*Per curiam*.

### O R D E R

Applicant entered an open plea of guilty to driving while intoxicated and was sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because he was not properly admonished by the trial court and because trial counsel was ineffective for numerous reasons. Applicant alleges that trial counsel failed to advise him of his options with regard to pleading guilty or going to trial on the charges, failed to advise him about the punishment range he faced or the rights he was waiving by pleading guilty, and promised Applicant that he would receive probation if the charges

were not "thrown out." Applicant alleges that trial counsel failed to communicate a seven-year plea offer to him, and erroneously advised him that he should plead guilty to the trial court rather than being sentenced by a jury. Applicant alleges that trial counsel failed to adequately review the evidence with Applicant prior to the plea. Applicant alleges that trial counsel failed to file any pre-trial motions, specifically, a motion to suppress the evidence obtained from the blood draw, which according to Applicant was done without a warrant. Applicant also alleges that trial counsel failed to object to the introduction of the blood evidence when the expert who performed the blood analysis was not present a trial. Applicant alleges that trial counsel instructed him to testify at the punishment hearing and to admit to everything that the State asked him about. Applicant alleges that he was not advised of his right to appeal after sentencing, and that although trial counsel stated on the record that he would appeal, trial counsel did not file notice of appeal or respond to Applicant's inquiries about an appeal. Applicant alleges that trial counsel failed to provide Applicant with a copy of his file until thirteen months after he was sentenced.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

3

The trial court shall first insure that the habeas record is supplemented with all relevant documents, including the written plea papers, admonishments, stipulations, the trial court's certification of Applicant's right to appeal, any pre-trial motions that were filed and ruled on prior to the plea, and a transcript of the plea and punishment proceeding. Thet trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings of fact and conclusions of law as to whether Applicant was advised of his right to appeal, whether he indicated a desire to appeal, and whether he was deprived of his right to appeal by trial counsel's failure to file notice of appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 19, 2021
Do not publish